**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.:

ALEX MURPHY,

    Plaintiff,

v.

J M Murphy Financial Services, Inc.
a Florida Profit Corporation and
James M. Murphy, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alex Murphy ("AMURPHY" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, J M Murphy Financial Services, Inc. ("MURPHY FINANCIAL" or "Defendant"), a Florida Profit Corporation, and James M. Murphy, individually, ("JMMURPHY" or "Defendant")(collectively, "Defendants")states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Palm Beach County, Florida.

### PARTIES AND FLSA COVERAGE

3.    At all times material hereto, Plaintiff is and was a resident of Broward County, Florida.

4. Defendant, MURPHY FINANCIAL is a Florida profit corporation that conducts its insurance business in the state of Florida, with its principal places of business in Palm Beach County, Florida.

5. Defendant, JMMURPHY was and is the sole owner and operator of MURPHY FINANCIAL during the last three (3) years and regularly engaged in, among others, the following activities: (a) ran the day-to-day operations of MURPHY FINANCIAL; (b) responsible for determining the schedules and hours worked by Plaintiff; (c) determines the rates of pay to be given to Plaintiff; (d) hiring and firing of all employees of MURPHY FINANCIAL; (e) determining the course and scope of work assigned to Plaintiff; and (f) signed paychecks for Plaintiff.

6. Defendant, JMMURPHY had authority over all aspects of Defendant, MURPHY FINANCIAL and critically—he exercised that authority.  Defendant, JMMURPHY was and is the "100 percent owner" of Defendant, MURPHY FINANCIAL.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

12. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendants were primarily engaged in the provision

of insurance services to its customers in, among other places, Palm Beach County, Florida.

15. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. Plaintiff worked as a non-exempt employee for Defendants from August 2013, until his termination in January 2021.

18. Plaintiff performed non-exempt duties a Sales Agent for Defendants and was therefore entitled to be compensated for overtime work.

19. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

20. Plaintiff was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

21. Plaintiff had no authority to unilaterally discipline employees of Defendants.

22. Plaintiff had no authority to determine the schedules to be worked by any employees of Defendants or to change their schedules.

23. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

24. Plaintiff was closely always monitored by Defendants' managers and supervisors.

25. Plaintiff followed procedures established by Defendants and did exactly as she was instructed to do.

26. Plaintiff's primary duties were to perform insurance sales duties at Defendants' Insurance Agency.

27. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Defendants paid Plaintiff an hourly rate which varied during his employment,

plus commission.

29. Plaintiff regularly worked fifty (50) or more hours per week for Defendants.

30. Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period, and instead paid him for only forty (40) hours per workweek.

31. When Plaintiff worked more than forty (40) hours in a given work week, Defendants failed to properly pay him for any hours worked whatsoever over forty (40).

32. Defendants' repeatedly and willfully violated the Fair Labor Standards Act by failing to divide all weekly renumeration by all hours worked to obtain Plaintiff's regular rate of pay and failed to include all hours worked when calculating overtime hours owed.

33. At all times relevant, Defendants failed to keep and maintain accurate records of all hours worked by Plaintiff.

34. Defendants willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

35. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

36. Defendants violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants.
   (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and
   (c) Defendants failed to maintain proper time records as mandated by the FLSA.

37. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40. While Plaintiff does not have time records, Plaintiff estimates his FLSA damages to be[1]:

### STATEMENT OF CLAIM

August 10, 2019, through December 31, 2020 (approximately 73 weeks)

**2019**

August 10, 2019-December 31, 2019(21 weeks)

2019-$47, 953.00(W2 amount)

$47, 953.00/52 weeks=$922.17 per work week

$922.17/40=$23.05(per hour)

$23.05 x 1.5=$34.58(OT rate) per hour

$34.58 X 10 hours (overtime)=$345.80 owed per week

$345.80 x 21 weeks=$7,261.80(unliquidated)$14, 523.60(liquidated)

**2020**

January 1, 2020-December 31, 2020(52 weeks)

2020 W2 $59, 345.05

$59, 345.05/52 weeks=$1, 141.25(per week)/40 hours=$28.53(per hour)

$28.53 x 10 hours(overtime)=$285.30(owed per week)

$285.30 x 52 weeks=$22, 097.40(unliquidated)$44, 194.80(liquidated)

TOTAL:  $29, 359.20 (unliquidated) and, if liquidated, $58, 718.40

41. Based on the allegations in Paragraphs 35-39, above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

---

[1] Upon receipt of all records from Defendants, Plaintiff will amend his Statement of Claim, if needed.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

43. Plaintiff reincorporates and re-alleges paragraphs 1 through 42, above, as though fully set forth herein, and further alleges as follows:

44. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiff was not an exempt employee as defined by the FLSA.

47. As a result of Defendants intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

  c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and

  f. Order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of August 2022.

              Respectfully submitted,

              ***/s/ Noah E. Storch***
              Noah E. Storch, Esq.
              Florida Bar No. 0085476
              RICHARD CELLER LEGAL, P.A.
              10368 West State Road 84, Suite 103
              Davie, Florida 33324
              Telephone: (866) 344-9243
              Facsimile:  (954) 337-2771
              E-mail: **noah@floridaovertimelawyer.com**

              *Trial Counsel for Plaintiff*